UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kejuan of the Family Muchita,

                                    Plaintiff,

                    -against-

Eileen Stack through IV-D Agency,

                                    Defendant.

1:25-cv-00285 (VSB) (SDA)

REPORT AND RECOMMENDATION

STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.

TO THE HONORABLE VERNON S. BRODERICK, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Kejuan of the Family Muchita ("Plaintiff" or "Muchita") brings this action under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Pending before the Court is a motion by Defendant Eileen Stack ("Defendant" or "Stack"), to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction, and pursuant to Rule 12(b)(6), for failure to state a claim. (Def.'s Mot. to Dismiss, ECF No. 13.)

For the reasons set forth below, it is respectfully recommended that Defendant's motion be GRANTED. Moreover, because it appears that this action is one among many similar actions that have been filed in district courts around the country and strikes the Court as part of a pattern of abusive and vexatious litigation, it is further recommended that an amended order of reference be entered authorizing the undersigned to conduct further proceedings to determine what, if any, sanctions are warranted.

**BACKGROUND**

Plaintiff's Complaint contains few factual allegations and frequently is difficult to decipher. Plaintiff appears to challenge child support orders entered against him and assert claims relating to Title IV-D of the Social Security Act, 42 U.S.C. § 651 *et seq.*,[1] which he refers to as the IV-D program or agency. (*See generally* Compl.) Plaintiff alleges that "STACK through the IV-D agency[,]" which he refers to as "the alone, detached and disconnected organizational unit '[in]' the State responsible for supervising the administration of the IV-D plan under IV-D of the [Social Security] Act[,]" "gave orders to IV-D personnel to succeed Plaintiff, (the devolution of my title of man to property under the law of descent and distribution) . . . to the status of non-custodial parent and thereafter circumvented the Constitution by unlawfully identify [him] as property." (Compl. at 2 & n.3.) Citing to Genesis 1:26, Plaintiff further alleges that "[c]onstitutionally, man is by nature equally free and independent from which any faction of any governments just power requires [his] consent as contradistinguished to a 42 U.S.C. § 666(a)(3)(C) non-custodial parent that is in fact property and possesses no rights what soever [sic]." (*Id.* at p. 3.) Thus, Plaintiff appears to contend that Stack violated the Constitution by giving orders resulting in him being deemed a non-custodial parent that has no rights. (*Id*. at pp. 2-3, 6.)

Plaintiff also alleges that his "[p]articipation" in the IV-D [p]rogram is [i]nvoluntary" and that he served Stack with a "Notice of Termination of Involuntary Participation" on January 8,

---

[1] Title IV-D requires participating states, "[a]s a condition to receiving federal funding . . . to maintain uniform standards for determining child support obligations and establish support enforcement programs." *Tompkins Cnty. Support Collection Unit ex rel. Chamberlin v. Chamberlin*, 99 N.Y.2d 328, 332-33 (2003) (citing 42 U.S.C. §§ 651-669b).) New York enacted § 413 of the Family Court Act to meet those requirements. *See id.* at 333. OTDA, through its Division of Child Support Enforcement, is the state agency designated to supervise the New York State child support program. (*See* Def.'s Mem. at 2.)

2025 to terminate his involuntary participation in Title IV-D, but that Stack refused to do so in violation of his constitutional rights under the First, Fourth, Fifth, Seventh, Thirteenth and Fourteenth Amendments, including his right not to associate with the Title IV-D program and his right against slavery and involuntary servitude. (Compl. at pp. 3-6, 9-11.) Plaintiff appears to contest the constitutionality of the IV-D program by alleging that Title 42 of the U.S. Code "has never been enacted into positive law." (*Id.* at p. 5.) Plaintiff seeks ten million dollars in compensatory, punitive and other damages, as well as termination of his "involuntary participation in the IV-D program with zero-dollar amount of arrears, including removal from [his] credit history, and a full refund of $62,000 at 6% interest for monies exacted from [him]." (*Id.* at p. 7.)

## **PROCEDURAL HISTORY**

Plaintiff filed the Complaint in this action on January 13, 2025. (*See* Compl.) On May 12, 2025, Defendant filed the motion to dismiss that is now before the Court, along with a memorandum of law and a declaration of Elizabeth McGeough Gamache, the Bureau Chief of Program Operations of the Division of Child Support Services of the New York State Office of Temporary and Disability Assistance ("OTDA"). (Def.'s Mot. to Dismiss, Def.'s Mem., ECF No. 14; McGeough Gamache Decl., ECF No. 15.) Plaintiff filed his opposition on June 30, 2025, along with a declaration. (Pl.'s Opp., ECF No. 20; Pl.'s Decl., ECF No. 21; *see also* Pl.'s 7/7/25 Ltr., ECF No. 23.[2]) On July 14, 2025, Defendant filed a reply memorandum in support of her motion to dismiss. (Def.'s Reply, ECF No. 24.)

---

[2] Due to a technical issue, the exhibits attached to Plaintiff's declaration were not filed along with the declaration. (*See* Pl.'s Decl.; Pl.'s 7/7/25 Ltr. at 1.) Plaintiff later filed the exhibits as part of his July 7, 2025 Letter. (*See* Pl.'s 7/7/25 Ltr. at PDF pp. 5-14.)

**RULE 12(b) LEGAL STANDARDS**

"A case is properly dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Equan Yunus, Sr. v. J. Lewis Robinson et al.*, No. 17-CV-05839 (AJN), 2019 WL 168544, at *3 (S.D.N.Y. Jan. 11, 2019) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "But '[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Id.* (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Makarova*, 201 F.3d at 113).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court "must accept as true all of the factual allegations contained in the complaint[,]" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

4

Where a plaintiff is proceeding *pro se*, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Complaints filed by *pro se* litigants "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (cleaned up) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, a *pro se* plaintiff "must still plead enough facts to state a claim to relief that is plausible on its face." *Owens v. City of New York*, No. 14-CV-00966 (KBF), 2015 WL 715841, at *1 (S.D.N.Y. Feb. 19, 2015) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Moreover, *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. N.Y. State Dep't of Lab.*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I.   Plaintiff's § 1983 Claims Should Be Dismissed

#### A.   Eleventh Amendment Immunity

Plaintiff asserts § 1983 claims against Stack in her capacity as "director of the . . . IV-D agency[.]" (Compl. at p. 1.) The Court takes judicial notice that Stack is the Deputy Commissioner of Child Support Services for New York's OTDA. *See* OTDA Executive Team Biographies, https://perma.cc/EQG7-3H2Z. Defendant argues that the Eleventh Amendment bars Plaintiff's claims for damages because the State has not consented to this Court hearing the suit, nor has there been an express statutory waiver of immunity. (Def.'s Mem. at 9-10.)

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity.[3] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *see also Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]"). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Gollomp*, 568 F.3d at 366 ("[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."). "The burden is on the party seeking immunity to demonstrate that it is an arm of the state." *Gorton v. Gettel*, 554 F.3d 60, 62 (2d Cir. 2009).

"It is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010); *see also Samuels v. New York Dep't of Lab.*, No. 23-CV-08004 (LTS), 2025 WL 27737, at *4 (S.D.N.Y. Jan. 3, 2025) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) ("New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states'

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although the [Eleventh] Amendment, by its terms, bars only federal suits against state governments by citizens of another state or foreign country, it has been interpreted also to bar federal suits against state governments by a state's own citizens[.]" *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006).

immunity in enacting Section 1983.")). States do no waive sovereign immunity by accepting Title IV-D funding. *See Chris H. v. New York*, No. 16-CV-06807 (LGS), 2017 WL 2880848, at *7 (S.D.N.Y. July 5, 2017), *aff'd*, 764 F. App'x 53 (2d Cir. 2019) (summary order); *see also Parent v. New York*, 786 F. Supp. 2d 516, 531 (N.D.N.Y. 2011) (rejecting argument that state waived sovereign immunity by fulfilling responsibilities under Title IV-D), *aff'd*, 485 F. App'x 500 (2d Cir. 2012).

Notwithstanding Plaintiff's assertions that the Title IV-D program is a "private business" and Stack was acting as a "contractual agent" in performance of IV-D obligations (Pl.'s Opp at 10-12), it is well settled that "OTDA is an 'arm of the state' for Eleventh Amendment purposes." *Baez v. New York*, 56 F. Supp. 3d 456, 464 (S.D.N.Y. 2014), *aff'd*, 629 F. App'x 116 (2d Cir. 2015). Stack, in her official capacity as Deputy Commissioner of Child Support Services of OTDA, is therefore immune from claims for money damages. Accordingly, it is recommended that Plaintiff's § 1983 claims against Stack in her official capacity be dismissed as barred by the Eleventh Amendment. *See Morris v. New York Hous. Urb. Dev.*, No. 24-CV-01641 (LTS), 2024 WL 1908250, at *7 (S.D.N.Y. Apr. 29, 2024) (dismissing § 1983 claims against OTDA as barred by Eleventh Amendment); *Grijalva v. Coward*, No. 24-CV-06365 (NJC) (ST), 2024 WL 5057652, at *3 (E.D.N.Y. Dec. 9, 2024) (same) (citing cases).[4]

---

[4] Plaintiff asserts that 28 U.S.C. § 1343(3), which confers jurisdiction on the district courts to "redress the deprivation, under the color of State law, . . . of any right . . . secured by the Constitution . . . or by an act of Congress providing for equal right of citizens[,]" grants federal courts jurisdiction over civil rights claims brought under §1983. (Pl.'s Opp. at 3.) However, as Defendant correctly argues, that statute does not independently confer subject matter jurisdiction when a court is otherwise barred from exercising jurisdiction. (*See* Def.'s Reply at 1-2 (citing, *inter alia*, *Murray v. Wack*, No. 94-CV-01674 (SAS), 1996 WL 374142, at *2 (S.D.N.Y. July 3, 1996).)

B.        The *Rooker-Feldman* Doctrine

Defendant also argues that the Court lacks subject matter jurisdiction over Plaintiff's

claims under the *Rooker-Feldman* doctrine. (Def.'s Mem. at 12.) The *Rooker-Feldman* doctrine

precludes federal district courts from reviewing final judgments of the state courts. *See Rooker*

*v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*,

460 U.S. 462, 482-86 (1983). The doctrine "deprives a federal court of subject matter jurisdiction

if '(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused

by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4)

the state judgment was rendered before the district court proceedings commenced.'" *Thayer v.*

*Vermont Dep't of Child. & Fams.*, No. 24-485-CV, 2025 WL 314787, at *1 (2d Cir. Jan. 28, 2025)

(quoting *Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023)).

"Where a plaintiff challenges 'the validity or enforcement of [a] child support order itself,'

the *Rooker-Feldman* doctrine bars such a claim." *John of the Fam. Springer v. Stack*, No. 24-CV-

06672 (LTS), 2025 WL 1115022, at *3 (S.D.N.Y Apr. 14, 2025) (quoting *Sykes*, 723 F.3d at 404).

"Even where a plaintiff argues that his constitutional rights were violated with respect to the

state court proceedings regarding a child support order, the *Rooker-Feldman* doctrine applies."

*Id.* (citing *Remy v. New York State Dep't of Tax. and Fin.*, 507 Fed. Appx. 16, 18 (2d Cir. 2013)

(holding that plaintiff's argument that a child support judgment violated his constitutional rights,

if accepted, "would obliterate the *Rooker-Feldman* doctrine")); *see also Lions v. New York State*

*Off. of Child Support Enf't*, No. 24-CV-07181 (GHW), 2025 WL 81421, at *5 (S.D.N.Y. Jan. 10, 2025)

("Courts have applied [the *Rooker-Feldman*] doctrine to bar claims challenging the enforcement

of child-support orders by garnishment, seizure, and suspension of a child-support debtor's

8

driver's license."); *Davis v. Westchester Cnty. Fam. Ct.*, No. 16-CV-09487 (KMK), 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) ("Courts have repeatedly invoked *Rooker-Feldman* in cases in which plaintiffs challenge family court decrees setting child support arrears") (citing cases).

Although the Complaint is short on facts, it appears to take issue with previously awarded child support. The Court takes judicial notice of the Westchester County Family Court Orders filed by Defendants regarding Plaintiff's child support obligations (*see* McGeough Gamache Decl. Exs. 1 & 2; ECF Nos. 15-1, & 15-2) and reasonably can infer that Plaintiff lost in state court based upon the fact that he is seeking "zero dollar arrears" and a refund of prior child support payments. *See Lions*, 2025 WL 81421, at *5 (inferring plaintiff lost in state court based on facts alleged).

Plaintiff contends that *Rooker-Feldman* does not apply because, rather than seeking review of a final judgment, he "seek[s] redress for constitutional violations by [Stack] based on the merits of her participation in [the] IV-D program." (Pl.'s Opp. at 17-18.) However, the injuries Plaintiff complains of, including being deemed a non-custodial parent, his "involuntary participation and association with the Title IV-D program" and "involuntary servitude" in having to make child support payments (*see* Compl. at pp. 5-6) arise from state court determinations of regarding custody and/or child support, which this Court has no authority to review. (*See* Def.'s Mem. at 12-13.) Thus, awarding Plaintiff the relief he seeks would require this Court to review and reject child support orders from the Westchester County Family Court regarding Plaintiff's custodial status and/or child support obligations that were rendered before this proceeding

9

commenced.[5] *See Smith v. Stack*, No. 23-CV-09451 (LTS), 2024 WL 54292, at *7 (S.D.N.Y. Jan. 2, 2024); *see also Alonzo Jr. of the Fam. Sanford v. Hurst through Region 4 IV-D Agency*, No. 24-CV-01406 (CLS), 2025 WL 1448219, at *5 (N.D. Ala. May 20, 2025) ("District courts across the country . . . have relied upon the *Rooker-Feldman* doctrine to dismiss constitutional claims similar to those plaintiff raises here as impermissible challenges to a state court judgment.") (collecting cases).

Accordingly, it is recommended that, to the extent Plaintiff seeks relief from final family court orders, the Court dismiss Plaintiff's claims, including any claim for prospective injunctive relief,[6] for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Newsome v. Scheininger*, No. 24-CV-05265 (VSB), 2024 WL 4467415, at *2 (S.D.N.Y. Oct. 10, 2024) ("Inasmuch as Plaintiff criticizes any final Family Court custody orders in a pending Family Court matter, in an effort to request that this Court overturn that final decision, the *Rooker-Feldman* doctrine bars this Court from granting Plaintiff such relief.").

## C.    Domestic Relations Abstention

As another independent ground for dismissal, Defendant argues that, because Plaintiff requests federal court intervention in child support determinations rendered by the Westchester County Family Court, the Court should decline to exercise subject matter jurisdiction under the domestic relations abstention doctrine. (Def.'s Mem. at 14-15.)

---

[5] In connection with his opposition, Plaintiff filed a copy of a May 23, 2025 Order on Motion from Westchester Family Court, which he provides as "Proof of Ongoing Title IV-D agency involuntary association[.]" (Pl.'s Decl. Ex. A, ECF No. 23, at PDF p. 5-6.) To the extent that Order indicates ongoing family court proceedings that would prevent application of the *Rooker-Feldman* doctrine, Plaintiff's claims still should be dismissed for the alternative reasons set forth herein.

[6] "A plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective injunctive relief from violations of federal law." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).

"Domestic relations is 'an area of law that federal courts and Congress leave almost exclusively to state law and state courts.'" *Porter v. Onondaga Cnty. Fam. Ct.*, No. 25-CV-00881 (ECC) (MJK), 2025 WL 2613027, at *2 (N.D.N.Y. Sept. 2, 2025) (quoting *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018)). "Federal courts may properly abstain from adjudicating such actions in view of the greater interest and expertise of state courts in this field." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). "A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Deem v. DiMella-Deem*, 941 F.3d 618, 621-22 (2d Cir. 2019) (quoting *Am. Airlines,* 905 F.2d at 14).[7] Claims related to child support are at least "on the verge of being matrimonial in nature" such that the domestic relations abstention doctrine applies. *Lions*, 2025 WL 81421 at *6 ("The Court must also abstain from considering Plaintiff's claim seeking modification of his child support order under the domestic relations abstention doctrine."); *Simmons v. NYS Dept of Soc. Servs.*, No. 19-CV-03633 (CM), 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing").

Plaintiff has not alleged any obstacle to a full and fair determination of his claims in state court and, thus, even if sovereign immunity or *Rooker-Feldman* did not bar his claims, the Court finds that the abstention is appropriate here. *See Williams v. NYU Hosp. Ctr. Fin. & Payroll Support*, No. 19-CV-11612 (LLS), 2020 WL 1878119, at *4 (S.D.N.Y. Apr. 14, 2020); *Simmons v. NYS Dept of Soc. Servs.*, No. 19-CV-03633 (CM), 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5,

---

[7] The domestic relations exception to federal jurisdiction, "that is, whether the district court lacks subject matter jurisdiction as a threshold matter" does not apply since this case is before the Court on federal question jurisdiction. *See Deem*, 941 F.3d at 623.

2019) ("Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing.").

Plaintiff asserts that his claims "are not related to any Domestic Relations issue" and his case is not regarding a child support matter. (Compl. at pp. 1-2.) However, "[t]he domestic relations abstention doctrine can apply even where the plaintiff 'style[d] some of [the] claims as raising constitutional issues, but the allegations stem from a state domestic relations matter[.]'" *Haynie v. N.Y. State Child Support Enf't Agency*, No. 25-CV-00306 (MAD) (TWD), 2025 WL 2205987, at *2 (N.D.N.Y. Aug. 4, 2025) (quoting *Guichardo v. Barraza*, No. 16-CV-1222, 2016 WL 3541547, at *3 (E.D.N.Y. June 23, 2016)). Because Plaintiff's constitutional claims stem from the custody and child support issues, they involve domestic relations matters and even if the Court otherwise had jurisdiction over this action, the Court should abstain from exercising jurisdiction under the domestic relations abstention doctrine. *See Hart v. Thompson*, No. 23-CV-03289 (LTS), 2023 WL 3949041, at *4 (S.D.N.Y. June 12, 2023) (claims challenging child support payments and seeking reimbursement of amount previously paid involved domestic relations matters); *Wilson v. Connecticut Dep't of Pub. Health, Vital Recs.*, No. 25-CV-00168 (OAW), 2025 WL 3537388, at *4 (D. Conn. Dec. 10, 2025) (abstaining from jurisdiction when court could "conceive of no way to adjudicate plaintiff's federal rights independently" of child support issues).

## II.    Additional Grounds For Dismissal

Defendant also moves to dismiss the Complaint on the ground that Plaintiff lacks standing and for failure to state a claim. (Def.'s Mem. at 15-23.) To the extent Plaintiff's claims are predicated "merely on opposition to Title IV-D," the Court agrees that Plaintiff lacks standing and

his claims should be dismissed for lack of subject matter jurisdiction.[8] *See Milan of Fam. Hall v. Stack*, No. 23-CV-00014 (LEK) (CFH), 2023 WL 8005317, at \*3 (N.D.N.Y. Nov. 17, 2023) (quoting *Schulz v. U.S. Fed. Reserve Sys.*, 370 F. App'x 201, 202 (2d Cir. 2010)); *see also John of the Fam. Springer,* 2025 WL 1115022, at \*3 (plaintiff lacked standing to challenge child support assessment). To the extent that Plaintiff purports to assert a claim under Title IV-D (*see* Pl.'s Opp. at 2 (asserting that Title IV-D "created Plaintiff's cause of action")), any such claim should be dismissed because the statute does not give rise to a private right of action. *See Lions*, 2025 WL 81421, at \*8; *Smith*, 2024 WL 54292, at \*7 ("Title IV-D contains no private remedy – either judicial or administrative – through which aggrieved persons can seek redress.").

III.      **Leave to Amend**

"In this circuit, '[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.'" *Leneau v. Ponte*, No. 16-CV-00776 (GHW), 2018 WL 566456, at \*18 (S.D.N.Y. Jan. 25, 2018) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). In particular, *pro se* litigants "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (citation omitted). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."

---

[8] "To demonstrate standing, a plaintiff must show that: (1) he has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief." *John of the Fam. Springer*, 2025 WL 1115022, at \*2 (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)).

*TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)) (internal quotation marks omitted).

Because the Court lacks subject matter jurisdiction over Plaintiff's claims and they suffer from other non-curable defects, it is recommended that leave to amend be denied. *See John of the Fam. Springer*, 2025 WL 1115022, at *4 (denying leave to amend as futile when claims barred by *Rooker Feldman* doctrine); *Bent v. N.Y.C. Off. of Child Support Servs.*, No. 25-CV-05364 (HG) (JAM), 2025 WL 2938678, at *4 (E.D.N.Y Oct. 15, 2025) (denying leave to amend as futile where domestic relations abstention doctrine precluded exercise of jurisdiction); *Grijalva*, 2024 WL 5057652, at *6 (denying leave to amend where better pleading would not cure defects); *Roger of the Fam. Forrest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 18-CV-10866 (CM), 2019 WL 4194332, at *5 (S.D.N.Y. Aug. 30, 2019) (same).

**IV.      Recommendation For Further Proceedings To Consider Sanctions**

In preparing this Report and Recommendation, the Court has located numerous cases filed in this district, and in federal courts around the country, that are strikingly similar in their allegations, claims and style. The plaintiffs in these cases, who almost always identify themselves as "[first name] of the family [last name]" primarily assert claims pursuant to 42 U.S.C. § 1983 based upon designation as a non-custodial parent, in purported violation of their rights under the First, Fourth, Fifth, Seventh, Thirteenth and Fourteenth Amendments to the United States Constitution, and relating to the administration of state child support programs under Title IV-D. The Complaints also contain many of the following distinct elements: addresses for the plaintiff with the addition of "Real Land North America"; references to the Book of Genesis as a basis for the plaintiff's rights; allegations that Title IV-D is in some way a private or for-profit business and

14

was never enacted into positive law; use of peculiar patterns of capitalization, particularly with respect to defendants' names; requests for 6% interest on damages; invocation of Title VII of the Civil Rights Act as a basis for jurisdiction; and proactive arguments against the application of relevant legal doctrines, including the *Rooker-Feldman* doctrine and domestic relations abstention, among other hallmarks.

Recent examples of similar cases include:

- *Richard Phillip of Fam. Valdez v. Tucker through Region 3 IV-D Agency*, No. 24-CV-00468 (ALWA), 2025 WL 902794 (E.D. Va. Feb. 28, 2025), *aff'd as modified*, No. 25-1289, 2025 WL 2506095 (4th Cir. Sept. 2, 2025)

- *Cunningham v. Jack*, No. 24-CV-02338 (EEF), 2025 WL 871481 (E.D. La. Mar. 19, 2025)

- *Christopher Allen of Fam. Ottersbach v. Kilgore through Region 9 IV-D Agency*, No. 24-CV-01664 (JLS) (SBC), 2025 WL 951279 (S.D. Cal. Mar. 28, 2025)

- *[Jospeh Andrew of the Family] Cervantes v. Noble*, No. 24-CV-00501 (TUC) (RM), 2025 WL 1094311 (D. Ariz. Apr. 11, 2025)

- *John of the Fam. Springer v. Stack*, No. 24-CV-06672 (LTS), 2025 WL 1115022 (S.D.N.Y. Apr. 14, 2025)

- *Alonzo Jr. of the Fam. Sanford v. Hurst through Region 4 IV-D Agency*, No. 24-CV-01406 (CLS), 2025 WL 1448219 (N.D. Ala. May 20, 2025)

- *Alcurtis of the Fam. Robinson Jr. v. W. through Region 4 IV-D Agency*, No. 24-CV-00458 (LWF), 2025 WL 1508015 (E.D.N.C. May 27, 2025), *aff'd*, No. 25-1706, 2025 WL 2784822 (4th Cir. Sept. 30, 2025)

- *[Cuno of the Family] Hansen v. Wetz*, No. 25-CV-05011 (ECS), 2025 WL 1796029 (D.S.D. June 25, 2025)

- *[Terry Eugene of the Family] Davis v. Banks*, No. 24-CV-00330 (DES), 2025 WL 1884784 (E.D. Okla. July 1, 2025)

- *[Jason] Alexander [of the Family Rowe] v. Ginwrite*, No. 25-CV-00494 (DGK), 2025 WL 1900902 (W.D. Mo. July 9, 2025)

- *[Levron of the Family] Hawkins v. Region 8 IV-D Agency*, No. 24-CV-02802 (GPG) (KAS), 2025 WL 2197307 (D. Colo. July 29, 2025)

- *[Aljamario of the Family] Willoughby v. West*, No. 24-CV-00662 (LPA), 2025 WL 2697263 (M.D.N.C. Sept. 22, 2025)

- *[Jarrett Rayshawn of the Family] Baker v. West*, 25-CV-00289 (TDS), 2025 WL 3771397 (M.D.N.C. Dec. 31, 2025)

All the above cases have been dismissed for lack of subject matter jurisdiction, for failure to state a claim or on other grounds. This list undoubtedly is incomplete.[9] While the precise origin of these cases is unclear, the similarity of these actions cannot be mere coincidence. Because it is unlikely that so many separate individuals would copy arguments that are at once obscure and

---

[9] There also are numerous earlier cases asserting variations of the same themes and with similar hallmarks that very likely were brought or orchestrated by the same individual. These cases include: *Earl of the Fam. Cox v. Saint Mary's Cnty. Dep't of Soc. Servs.*, No. 16-CV-01420, 2016 WL 3208945 (D. Md. June 7, 2016); *Richard of Fam. Albright v. Dep't of Revenue of Fla.*, No. 16-CV-00828 (FTM) (MRM), 2017 WL 11037361 (M.D. Fla. June 6, 2017); [*Charles of the Family*] *Williams v. Maney*, No. 17-CV-05853 (GHW), 2017 WL 6729363 (S.D.N.Y. Oct. 26, 2017*), aff'd sub nom., Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854 (2d Cir. 2018); *William of Fam. Rigby v. Miller*, No. 17-CV-01415, 2018 WL 623529 (W.D. Pa. Jan. 30, 2018); *Aziz of Fam. of Jalal v. Ohio Off. of Child Support*, No. 18-CV-00025, 2018 WL 2432899 (S.D. Ohio May 30, 2018); *Ken of the Fam. Owens (Man) v. 42 U.S.C. 654(3) Pennsylvania Bureau of Child Support Enf't*, No. 18-CV-03792, 2018 WL 4899430 (E.D. Pa. Oct. 5, 2018); *Samuel of Fam. Jeter v. Child Support Div. 42 U.S.C. §654(3)*, No. 18-CV-0273, 2018 WL 6185546 (N.D. Tex. Nov. 5, 2018), *report and recommendation adopted*, 2018 WL 6181283 (N.D. Tex. Nov. 27, 2018); [*Frederick of the Family*] *Gonora v. Off. of Child Support Servs.*, No. 18-CV-03793 (PGS) (TJB), 2019 WL 13271888 (D.N.J. Mar. 21, 2019), *aff'd sub nom. Frederick of Fam. Gonora v. Off. of Child Support Servs.*, 783 F. App'x 250 (3d Cir. 2019); *Carmen of the Fam. Skrine v. 42 U.S.C. §654(3) Child Support Enf't Bureau*, No. 18-CV-03953 (JS) (AYS), 2019 WL 1748602 (E.D.N.Y. Apr. 18, 2019); *Da'Juan'dre Lamar Sr. of the Latting Fam. v. Maryland Dep't of Hum. Servs.*, No. 18-CV-03314, 2019 WL 1935919 (D. Md. Apr. 30, 2019); [*Kendrail of the Family*] *Banks v. Mahoning Cnty. Child Support Agency*, No. 18-CV-02811, 2019 WL 2451633 (N.D. Ohio June 12, 2019); *Roger of the Fam. Forrest v. 45 C.F.R.§ 75.2 IV-D Contractor Steve Banks*, No. 18-CV-10866 (CM), 2019 WL 4194332 (S.D.N.Y. Aug. 30, 2019); [*Nick of the Family Laws*] *v. Child Support Servs.*, No. 19-CV-00235 (RJC) (DCK), 2020 WL 1495509 (W.D.N.C. Mar. 26, 2020); *Brian of Fam. Boyd v. Child Support Div.*, No. 20-CV-00003 (GNS), 2020 WL 1542347 (W.D. Ky. Mar. 31, 2020*); Jyrome of the Fam. Paige v. Child Support Program*, No. 20-CV-00034 (GNS), 2020 WL 1816057 (W.D. Ky. Apr. 9, 2020); *Dandreka of Fam. Griggs v. Kemp*, No. 21-CV-04154 (MLB), 2022 WL 18777373 (N.D. Ga. Mar. 18, 2022); *Clark v. Region 4 IV-D Agency*, No. 23-CV-02594 (SDG), 2024 WL 1396648 (N.D. Ga. Mar. 31, 2024); *Powell v. Region 2 IV-D Agency*, No. 23-CV-04119, 2024 WL 4024075 (D.N.J. Aug. 30, 2024); *Schaefer v. David Simpson Harris Cnty. IV-D Agency*, No. 24-CV-01142, 2024 WL 4682340 (S.D. Tex. Sept. 24, 2024), *report and recommendation adopted*, 2024 WL 4681618 (S.D. Tex. Nov. 4, 2024); *see also Leonard of the Family Mills vs. Stack*, No. 24-CV-06457, ECF No. 1 (S.D.N.Y 2024).

repeatedly have been found to be without merit, these cases appear to have been orchestrated in some manner by the same person or group of persons with or without the consent of the named plaintiffs. At least one court has found that a similar case was brought under a fictitious name. *See William of Fam. Rigby v. Miller*, No. 17-CV-01415, 2018 WL 623529, at *1 n.1 (W.D. Pa. Jan. 30, 2018) ("Plaintiff has brought these lawsuits under a false or fictitious name, which the Court may dismiss on this basis as well."). The result is what appears to be a longstanding pattern of abusive and vexatious litigation.

Accordingly, it is recommended that the Court, through an amended referral to the undersigned, conduct further proceedings to determine the provenance of this action and recommend what, if any, sanctions are warranted pursuant to the Court's inherent power, Federal Rule of Civil Procedure 11, the All Writs Act and/or any other provision of law to address what appears abusive and vexatious litigation. *See Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 386 (2d Cir. 1981) ("A federal district court possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices."); *Goodman v. Bouzy*, No. 21-CV-10878 (AT) (JLC), 2023 WL 3296203, at *16 (S.D.N.Y. May 8, 2023) ("Rule 11 sanctions apply to *pro se* litigants and pro se filings do not serve as an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.") (cleaned up), *report and recommendation adopted*, 2023 WL 4235851 (S.D.N.Y. June 28, 2023); *Castro v. Mitchell*, 727 F. Supp. 2d 302, 309 (S.D.N.Y. 2010) ("Rule 11 permits a court to impose sanctions *sua sponte* 'after notice and a reasonable opportunity to respond.'" (quoting Fed. R. Civ. P. 11(c)(1)); *Ware v. United States*, No. 04-CR-01224 (ER), 2023 WL 2757206, at *5 (S.D.N.Y. Apr. 3,

17

2023) ("A court's power to restrict the litigation of abusive and vexatious litigants is an 'ancient one' that is now codified at 28 U.S.C. § 1651(a), the All Writs Act." (quoting *Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990)) (issuing filing injunction against *pro se* litigant).

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendant's motion to dismiss be GRANTED and that an amended order of reference be entered authorizing the undersigned to conduct further proceedings to recommend what, if any, sanctions are warranted.

Dated:    January 23, 2026
          New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*              \*              \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Broderick.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).