UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                      :

KEJUAN OF THE FAMILY STACK      :
MUJITA,                                     :
                                        :

                    Plaintiff,     :           25-CV-285 (VSB) (SDA)
                                        :

         - against -               :           **OPINION & ORDER**
                                        :
                                        :

EILEEN STACK THROUGH IV-D      :
AGENCY                                    :
                                        :

                  Defendant.   :
                                        :
----------------------------------------------------------X

Appearances:

Kejuan of the Family Muchita
745 W Brooklyn Ave
Dallas, TX
*Pro Se Plaintiff*

Ihaab Syed
NYS Office of the Attorney General
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On January 13, 2025, *pro se* Plaintiff Kejuan of the Family Muchita ("Plaintiff" or

"Muchita") filed this action under 42 U.S.C. § 1983 against Defendant Eileen Stack,

("Defendant" or "Stack") the Deputy Commissioner of Child Support Services for the New York

State Office of Temporary and Disability Assistance ("OTDA").  (Doc. 1 ("Compl.").)  On May

12, 2025, Defendant filed a motion to dismiss, (Doc. 13), accompanied by a memorandum of

law, (Doc. 14), and a declaration of Elizabeth McGeough Gamache with two supporting exhibits,

(Doc. 15).  On June 30, 2025, Plaintiff filed a notice of opposition, (Doc. 19), along with an

accompanying memorandum of law, (Doc 20), and a declaration and exhibits, (Doc. 21).  On July 14, 2025, Defendant filed a reply memorandum of law.  (Doc. 24.)

On January 17, 2025, I had referred this case to the Magistrate Judge Stewart D. Aaron for General Pretrial management.  (Doc. 6.)  On May 29, 2025, I amended my order of reference and referred the motion to dismiss to Magistrate Judge Aaron for a Report and Recommendation.  (Doc. 17.)  On January 23, 2026, Magistrate Judge Aaron issued a thorough and well-reasoned 19-page Report and Recommendation, recommending that Defendant's motion be Granted and that I amend my order of reference to authorize Magistrate Judge Aaron to conduct further proceedings to determine whether sanctions are warranted with respect to Plaintiff's "pattern of abusive and vexatious litigation."  (Doc. 27 ("Report" or "Rep.") at 1.)

Magistrate Judge Aaron explains that Plaintiff alleges that "child support orders entered against him" have worked to deprive him of his constitutional rights.  (*Id.* at 2.)  Plaintiff's claims are barred by Eleventh Amendment state sovereign immunity, (*id.* at 5–7), the Rooker-Feldman Doctrine, (*id.* at 8–10), and the domestic relations abstention doctrine, (*id.* at 10–12).  The Court "lacks subject matter jurisdiction over Plaintiff's claims and they suffer from other non-curable defects."  (*Id.* at 14.)  Numerous other courts across the Second Circuit and the country have dismissed similar cases for "lack of subject matter jurisdiction, for failure to state a claim or on other grounds."  (*Id.* at 16.)  Therefore, Magistrate Judge Aaron recommends granting Defendant's motion to dismiss, denying leave to amend, and that I refer the case to him for further proceedings concerning whether Rule 11 sanctions are warranted based on numerous analogous cases which appear frivolous and to lack merit and that may have been filed by the same plaintiff.  (*See id.* at 15–16 (listing such cases).)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure" and "[t]he failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," (Rep. 18–19 (capitalization altered)), neither party filed an objection or requested additional time to do so. I have reviewed Magistrate Judge Aaron's detailed and well-reasoned Report for clear error and, after careful review, find none. I therefore ADOPT the Report in its entirety.

Therefore, Defendant's motion to dismiss, (Doc. 13), is GRANTED. An amended order of reference will be issued shortly after this Opinion & Order is filed directing that further proceedings be held before Magistrate Judge Aaron to determine what, if any, sanctions are appropriate against Plaintiff for his possible pattern of vexatious and frivolous litigation. The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

Dated: March 31, 2026
        New York, New York

_____
Vernon S. Broderick
United States District Judge

3